IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER MALDONADO,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3942 |
| | : | |
| **DEPUTY SHERRIFF RANKIN,** | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                                     **November 8, 2023**

Plaintiff Christopher Maldonado, a pretrial detainee currently confined at Lancaster County Prison ("LCP"), filed this action alleging violations of his civil rights. Maldonado seeks leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice and Maldonado will be given an opportunity to cure the noted deficiencies by filing an amended complaint.

**I.    FACTUAL ALLEGATIONS**[1]

The factual allegations set forth in Maldonado's Complaint are brief. He names Deputy Sherriff Rankin as the sole Defendant in this case in both his individual and official capacities. (Compl. at 2.) Maldonado claims that when he was exiting from the basement of the Lancaster County Courthouse on October 1, 2023, Defendant Rankin "was escorting me very aggressively and he slammed me into the side of the Sherriff van and he caused me to bruise my both elbows and they hit the medal [sic] side of [the] van." (*Id.* at 4-5.) Maldonado claims that Deputy Sherriff Perez witnessed the incident. (*Id.* at 5.) Maldonado was seen by prison medical staff and

---

[1]    The allegations set forth in this Memorandum are taken from Maldonado's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

photographs were taken of his bruises. (*Id.*) As relief, Maldonado seeks monetary damages and the termination of Deputy Sherriff Rankin's employment.[2] (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Maldonado leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

---

[2] To the extent that Maldonado seeks the discharge of Defendant Rankin from his employment, the Court has no authority to order such relief. *See Hall v. Carny*, No. 22-4094, 2023 WL 187569, at *1 (E.D. Pa. Jan. 13, 2023) (dismissing with prejudice the request that defendant prison official be terminated from his employment); *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *1-2 n.4 (E.D. Pa. Sept. 28, 2022) (construing plaintiff's request for the court to terminate the defendants' employment as seeking injunctive relief and holding that the court has no authority to terminate the employment of a state employee).

[3] However, as Maldonado is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

As Maldonado is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.   DISCUSSION

Maldonado asserts claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Maldonado contends that his constitutional rights were violated when he was subjected to the use of excessive force by Deputy Sherriff Rankin who escorted Maldonado to the Lancaster County Courthouse. (*See* Compl. at 4-5.) Because Maldonado was a pretrial detainee during the relevant event, the Due Process Clause of the Fourteenth Amendment governs his excessive force claims. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To state a due process violation based on excessive force, a detainee must allege facts to suggest plausibly "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

"Considerations such as the following may bear on the reasonableness or unreasonableness of the force used:  the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

Even construing the Complaint liberally, Maldonado's allegations concerning the use of excessive force against him are undeveloped.  He claims that Defendant Rankin was escorting him "very aggressively" and slammed Maldonado into the side of the sheriff's van, resulting in bruising to his elbows.  (Compl. at 4, 5.)  To allege a plausible claim, however, Maldonado must allege sufficient facts from which one could infer that the force was excessive.  Maldonado fails to allege sufficient facts describing the force used and the circumstances under which it was used.  Absent any factual allegations suggesting that the use of force was objectively unreasonable, the Complaint cannot support a plausible Fourteenth Amendment claim.  *See Iqbal*, 556 U.S. at 678.  Accordingly, Maldonado's excessive force claim is not plausible as stated.

Maldonado checked the box on the form Complaint to indicate that he asserts his claim against Deputy Sherriff Rankin pursuant to § 1983 in his official capacity, as well as in his individual capacity.  (*See* Compl. at 2.)  Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*  Thus, Maldonado's claims against Deputy Sherriff Rankin in his official capacity are, in essence, claims against Lancaster County.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* (quoting *Bielevicz*, 915 F.2d at 850). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim. *See, e.g., Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*." (citing cases)).

To the extent Maldonado seeks damages from Deputy Sherriff Rankin in his official capacity, he has failed to allege facts that support *Monell* liability. Maldonado has not pled a municipal policy or custom with respect to the alleged constitutional violations, that such policy or custom caused the constitutional violations, or municipal failures amounting to deliberate

indifference. Accordingly, any official capacity claims against Deputy Sherriff Rankin are not plausible as alleged.

## IV. CONCLUSION

For the foregoing reasons, Maldonado's § 1983 claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Maldonado will be given an opportunity to correct the defects in his claims by filing an amended complaint. Any amended complaint must clearly describe the factual basis for Maldonado's claims and how each defendant was personally involved in the alleged denial of his constitutional rights. An appropriate Order follows, which provides further instruction as to amendment.